UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MELANIE GLASSCOCK SIMPSON, | ) |
| Executor of the Estate of | ) |
| William J. Simpson, | ) Civil Action No. 5:08-465-JMH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| ASHVIN J. ZAVERI and | ) |
| SEEMA A. ZAVERI, | ) |
| | ) |
| Defendants. | ) |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction and Request for Expedited Hearing [Record No. 8] filed on February 26, 2009.  In addition to the papers filed by Plaintiff, the Court had the benefit of oral argument on March 6, 2009, at which Plaintiff's counsel appeared.[1]  The Court being adequately advised, this matter is now ripe for decision.

**I.   Background**

On December 20, 2007, Ashvin Zaveri and William J. Simpson executed a Promissory Note and Loan Agreement for an amount of $300,000, plus interest.  [See Exh. 1 and 2 to Memorandum in Support of Motion for Preliminary Injunction, at Tab 3.]  To secure

---

[1]     Notwithstanding the Court's Order of February 27, 2009 [Record No. 11] setting this matter for a hearing, Defendants did not appear nor have they offered any written response to Plaintiff's motion.

-1-

the indebtedness owed to Simpson under the Promissory Note and Loan Agreement, Ashvin Zaveri and Seema Zaveria also executed and entered into an Assignment of Life Insurance Policies as Collateral, assigning all right, title, and interest in those policies on Ashvin Zaveri's life, owned by Defendant Seema Zaveri to William Simpson, in order to secure the liabilities of Ashvin Zaveri under the Promissory Note and Loan Agreement.  [See Exhibit 3 to same, at Tab 3.]  In the Loan Agreement, Zaveri agreed to take all necessary steps to sell the life insurance policies to a settlement company through insurance brokerage agencies.

Under the Promissory Note, Ashvin Zaveri was to make ongoing payments of interest on the Promissory Note in accordance with its terms.  The principal was due and payable in full no later than May 31, 2008, or the sale of the life insurance policies, whichever occurred first.  At the present time, $200,000 is still due and owing under the Promissory Note and Loan Agreement, as well as interest, late charges, and attorney's fees and costs of Plaintiff.

Plaintiff believes that the life insurance policies which were the subject of the Assignment have been sold or liquidated and that the proceeds were disbursed to Seema Zaveri.  Specifically, Hon. Richard Hopgood, counsel for the executrix of the Simpson estate, has stated in his affidavit that in June 2008 he was informed by an insurance broker, Scott Miano, of Insurance Brokerage Agencies that "Lifeline" was to purchase the policies and the sale would be complete in July 2008.  [Record No. 8-6 at ¶¶3-4.]  Hon. Hopgood

-2-

has further stated that Ashvin Zaveri confirmed the completed sale in August 2008 and that Ashvin Zaveri told him that the proceeds were being held by either his daughter, Seema Zaveri, or in an account for her.  [*Id.* at ¶ 5.]  Further, states Hon. Hopgood, Ashvin Zaveri informed him in August 2008 that he and his daughter were trying to work out some issues between his son-in-law and daughter prior to tendering the funds but that the debt would be paid in full by September 10, 2008.  [*Id.*]  In any event, Seema Zaveri has not turned over any proceeds from any sale of the policies sufficient to payoff the indebtedness of Ashvin Zaveri.

## II. Discussion

In the motion, Plaintiff contends that a preliminary injunction should be entered (1) to prevent transfer of the life insurance policy sale proceeds absent further order of the Court; (2) requiring the payment into the Court Registry of any amount received from the sale of the policies sufficient to pay the indebtedness alleged; and (3) requiring that Defendants account for amounts received from any policy sale.

The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held.  *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).  "When considering a motion for preliminary injunction, a district court must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2)

whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Id.* (citing *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)). The four considerations are factors to be balanced, not prerequisites, and a district court is not required to make specific findings concerning each factor if fewer factors are dispositive of the issue. *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003). Each factor is analyzed in turn, below.

**A.  Strong Likelihood of Success on the Merits**

First, Simpson, as the movant, must demonstrate a strong likelihood of success on the merits. A party is not required to prove her case in full as part of a motion for preliminary injunction. *Certified Restoration*, 511 F.3d at 543. A plaintiff must show more than a "mere possibility of success." *Id.* Ordinarily, a plaintiff need only raise questions "so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Id.*

Upon a review of Simpson's Complaint and the motion at bar, Plaintiff has pled a straightforward breach of contract claim. At this stage, however, the Court does not decide the merits of Simpson's claims, but instead decides whether the allegations are a fair ground for litigation and there is more than a possibility of her success. If Defendants have acted as alleged, i.e.,

-4-

promised to pay and failed to pay by a date certain out of a certain fund, and based on the evidence offered in support of the motion before the Court, it is highly probable that Plaintiff will succeed on her claim.

**B.  Irreparable Injury to Plaintiff without the Injunction**

Second, Plaintiff must show that she would suffer irreparable injury without the injunction.  "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Certified Restoration*, 511 F.3d at 550 (citing *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)).  An injury is not fully compensable if the nature of the loss makes calculating damages difficult. *Id.*  However, a plaintiff's harm is not irreparable if there is an adequate remedy at law. *CSX Transp., Inc. v. Tenn. State Bd. of Equalization,* 964 F.2d 548, 551 (6th Cir. 1992).

Plaintiff relies on *Cattle Finance Co. v. Boedery, Inc.*, 795 F.Supp. 362 (D. Kan. 1992), for the proposition that "[d]ifficulty in collecting a damage judgment may support a claim of irreparable injury." *Cattle Finance Co. v. Boedery, Inc.*, 795 F.Supp. 362, 364 (D. Kan. 1992) (quoting *Tri-State Generation v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986)).  Much as the plaintiff in the *Cattle Finance* case, Plaintiff does not dispute that she could be made whole by an award of monetary damages. Instead, it is the fear that the defendants' "precarious financial condition will make it impossible for [her] to collect any

-5-

potential judgment." *Id.*

Specifically, Simpson argues that Defendants' actions have created a substantial probability that Plaintiff will be placed at great risk in the enforcement of its security interest and its ability collect the debt owed to it unless a preliminary injunction is granted. She argues that "any judgment entered by the Court . . . as to the validity of the Plaintiff's security interest would be rendered meaningless if the Defendants were to transfer or convey the life insurance policy liquidation proceeds" because "there are no other known assets of the [d]efendants which the [p]laintiff could look to in satisfying any judgment it might obtain . . . other than the life insurance liquidation proceeds." [Record No. 8-2 at 4-5.] Considering all of the above and noting, particularly, Plaintiff's status as a secured creditor, the Court finds that Plaintiff has demonstrated that she will experience irreparable harm without entry of an injunction.

**C.    No Danger of Substantial Harm to Others or Public Interest Served by an Injunction**

Finally, the Court must consider whether issuance of the injunction would cause substantial harm to others and whether the public interest would be served by the issuance of the injunction. In this case, Plaintiff has not argued nor can the Court identify any substantial harm to others which might arise if the status quo is not preserved. Similarly, Plaintiff has not argued that any public interest might be served by the issuance of an injunction

-6-

nor can the Court imagine any such interest as the controversy is concerned with a contract between two private parties for the payment of a private debt.

## III. Conclusion

Having considered these factors, the evidence presented, and the arguments advanced by counsel in both Plaintiff's papers and in the hearing before this Court, the Court finds that, on balance and for the reasons set forth above, entry of a preliminary injunction is appropriate in this matter.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and Request for Expedited Hearing [Record No. 8] shall be, and the same hereby is, **GRANTED**.

This the 6th day of March, 2009.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge